# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**MICHAEL L. FREY,**
        Petitioner,

v.                                                             Case No. 13-C-0875

**MICHAEL A. DITTMANN,**
        Respondent.

---

## DECISION AND ORDER

Michael Frey has filed a petition under 28 U.S.C. § 2254. He challenges the sentences associated with his convictions for second-degree sexual assault and certain drug offenses.

The Supreme Court of Wisconsin summarized the factual background of this case as follows:

> Michael Frey and his girlfriend moved to the Town of Aurora in Florence County in the summer of 2008. M.G. lived at Frey's home with her mother, her half-sister, and Frey. This family unit had lived together for almost 10 years. M.G.'s high school friend, A.B., occasionally visited M.G. at the Aurora home and slept there overnight.
>
> In the spring of 2009, A.B. and M.G. accused Frey of sexually assaulting them at different times at the Aurora home. Both girls were 16 years old at the time. Frey was 43.
>
> A.B. alleged that when she visited M.G., she would "smoke weed" with M.G. and Frey. Frey would provide the marijuana as well as pills that caused her to get tired or dizzy.
>
> A.B. alleged that when she was visiting M.G. one night in early February 2009, after an evening of smoking marijuana, taking pills, and smoking cigarettes, she came downstairs from M.G.'s bedroom to get a drink in the kitchen. She alleged that Frey came up behind her, pushed her against the sink, and attacked her. A.B. alleged that Frey pushed her to the ground, flipped her onto her back, and forcibly had sexual intercourse with

> her.  A.B. screamed and tried to get away from Frey and eventually slipped away and ran upstairs to M.G.'s room.  Early the next morning she called a friend who took her home.
>
> M.G. alleged that Frey would give her pills, including sleeping pills, almost every night—usually seven per night.  These pills would cause M.G. to fall asleep.  On March 30, 2009, Frey gave pills to M.G. causing her to fall asleep.  M.G. woke up to find Frey's hand inside her pants.
>
> M.G. had previously accused Frey of similar conduct, but charges were not filed after M.G. withdrew her statement to police.
>
> On April 15, 2009, police obtained and executed a search warrant and discovered two baggies of marijuana and two scales, one digital and one mechanical, in Frey's home.

State v. Frey, 343 Wis. 2d 358, 365–66 (2012).

Frey was charged with six counts: second-degree sexual assault involving the use of force, second-degree sexual assault involving an intoxicated victim, two counts of child enticement, and two counts of delivering marijuana.  On the morning of trial, the state and Frey entered into a plea agreement in which the state would dismiss three counts—the sexual assault involving use of force and the two child-enticement counts—in exchange for Frey's pleading guilty or no contest to the remaining three counts.  In accordance with this agreement, Frey pleaded no contest to the three counts, and the court dismissed the remaining counts.

The court sentenced Frey to twenty-five years of imprisonment on the sexual-assault count (twenty years of initial confinement and five years of extended supervision) and three years of imprisonment on each of the drug counts (one year of initial confinement and two years of extended supervision per count) and ordered that all sentences be consecutive.  In giving his reasons for imposing this sentence, the trial judge made statements indicating that he took the dismissed counts into account.  In particular,

the judge indicated that he believed that Frey forcibly had sexual intercourse with A.B., as alleged in the first sexual-assault count, which had been dismissed.

On direct appeal, Frey argued that, as a matter of Wisconsin law, the trial court could not consider the dismissed counts during sentencing. Frey also argued that, even if the trial court could consider the dismissed counts, he was not given a sufficient opportunity to refute the accuracy of those counts. Frey's appeal reached the Supreme Court of Wisconsin, and that court held that, as a matter of Wisconsin law, a trial court may consider dismissed charges when it imposes a sentence. The court also held that Frey had been given a sufficient opportunity to refute the accuracy of the dismissed charges. The court found that the trial court "did not sua sponte refer to the dismissed charges and thereby take counsel and defendant by surprise." Frey, 343 Wis. 2d at 393. Rather, those charges were raised by A.B.'s mother when she was given the opportunity to speak at the sentencing hearing. The court noted that Frey's counsel spoke after A.B.'s mother had delivered her remarks and attempted to refute her allegation that Frey had forcibly raped A.B. Id. at 393–95.

In his habeas petition, Frey raises two grounds for relief. First, he contends that the trial court erred in considering the dismissed counts when imposing its sentence. Second, he contends that he was not given a meaningful opportunity to refute inaccurate information pertaining to the dismissed counts.[1] The Supreme Court of Wisconsin adjudicated these claims on the merits, and therefore I may grant relief only if the court's

---

[1] Frey includes a third ground for relief in his habeas petition, but that ground is merely a request for resentencing on the basis of the errors alleged in the first two grounds. I will not separately discuss the third ground.

3

decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding. 28 U.S.C. § 2254(d).

Frey's first ground for habeas relief does not implicate federal law. No case of which I am aware holds that federal law prohibits a state court from considering a dismissed charge when sentencing a defendant on charges to which he has pleaded guilty or no contest. To the contrary, federal cases hold that sentencing courts may consider dismissed charges and even charges of which the defendant has been acquitted. See, e.g., United States v. Lucas, 670 F.3d 784, 790 (7th Cir. 2012). At the very least, the Supreme Court of the United States has not clearly established that, as a matter of federal law, a state court may not consider a dismissed count when sentencing the defendant on other charges. Thus, the Supreme Court of Wisconsin's determination that the trial court could consider the dismissed counts was not contrary to, and did not involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. Frey is not entitled to relief on ground one.

In ground two, Frey contends that he did not have a sufficient opportunity to refute the accuracy of the allegations underlying the dismissed counts. He contends that this implicates his federal right to be sentenced on the basis of accurate information. See United States v. Tucker, 404 U.S. 4443 (1972); Townsend v. Burke, 334 U.S. 7736 (1948). As noted, however, the Supreme Court of Wisconsin found that Frey had an opportunity to challenge the accuracy of the information relating to the dismissed charges at the sentencing hearing and that Frey's counsel did, in fact, challenge the accuracy of that

4

information during the sentencing hearing. Frey's argument seems to be that he was entitled to advance notice that, at sentencing, the trial court would be considering the dismissed counts so that he could be better prepared to refute the allegations surrounding those counts. However, it is not at all clear that Frey was entitled to assume that the trial court would not consider the dismissed charges at sentencing. Prior to this case, the Supreme Court of Wisconsin had stated that sentencing courts could consider "uncharged and unproven offenses," State v. Leitner, 253 Wis. 2d 449, 474 (2002), and this would seem to include dismissed charges. In any event, Frey has not pointed to any case decided by the Supreme Court of the United States that clearly establishes that a state sentencing court may not consider a dismissed charge unless the court gives the defendant formal notice in advance of the sentencing hearing that the charge may be considered. Accordingly, the state court's determination that Frey had an adequate opportunity to refute the accuracy of the information surrounding the dismissed charges was not contrary to, and did not involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the Untied States, and Frey is not entitled to relief on ground two.

For the reasons stated, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**. The Clerk of Court shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that the petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 4th day of September, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge